IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**TROY CHEW**                                                                                    **PLAINTIFF**

v.                                                           **No. 2:12CV135-M-V**

**WARDEN FIGUEROA, TCCF, ET AL.**                                  **DEFENDANTS**

Consolidated with

**TROY L. CHEW**                                                             **PLAINTIFF**

v.                                                           **2:12CV209-M-V**

**CALIFORNIA DEPARTEMENT OF CORRECTIONS**
**AND REHABILITATION, CDRC, ET AL.**                              **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Troy Chew, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

On July 27, 2010, the plaintiff slipped and fell on a wet kitchen floor at the Tallahatchie County Correctional Facility while performing his job as a butcher. He believes the defendants were negligent in providing him work boots with slippery soles for use in the slick kitchen environment. He injured his elbow and his back, but his back is the focus of his complaint. There was a delay from when he was injured to when he received treatment because the prison staff did not believe his back was actually injured. His back has caused him varying amounts of pain from the time of his injury to the present. Though he is receiving treatment for

his back, he believes that the treatment is grossly insufficient – and that he receives treatment at all only because his mother calls the prison frequently to complain about his lack of treatment. His choices are to receive medical intervention (mostly pain pills) or to undergo back surgery (which he is unwilling to do).

### *Res Judicata* and Collateral Estoppel

All of the claims the plaintiff brings in this case are barred by the doctrine of *res judicata,* (claim preclusion), and by the related doctrine of collateral estoppel (issue preclusion). *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by *asserting additional facts or proceeding under a different legal theory*; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions). In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id.*

*Collateral estoppel*, or issue preclusion, on the other hand, precludes relitigation of issues

actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980).

The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of his slip and fall and any suits arising out of those events as to any parties he actually sued regarding those events – because the plaintiff has already presented these claims and lost in a previous case before this court. *See Chew v. Phillips*, 2:11CV196-P-A. Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims in the present case against Bobby Phillips (a defendant in both cases) should be dismissed as frivolous. Similarly, Chew's claims against all defendants must also be dismissed on the basis of issue preclusion, as all of the issues in the present case were raised in a previous case against defendant Bobby Phillips, and the court decided all issues against Chew. Therefore, under the doctrines of claim preclusion and issue preclusion, the plaintiff's claims against all defendants must be dismissed as for failure to state a claim upon which relief could be granted.

## Dismissal on the Merits

In the alternative, all of the plaintiff's claims fail on the merits for the reasons set forth in the court's previous memorandum opinion and final judgment in *Chew v. Phillips*, 2:11CV196-P-A. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 25th day of September, 2013.

/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI